## WEENINK & SONS CO v ANDREWS

Ohio Appeals, 8th Dist, Cuyahoga Co
Decided May 12, 1930

Farquharson, Curtiss, Gillie, Gustafson & Miller, Cleveland, for Weenink & Sons.

Squire, Sanders & Dempsey, Cleveland, for Andrews.

**VICKERY, PJ.**

Now it is well settled that one cannot be invested with the title to real estate, unless one accepts the same and accepts it knowing that it has been transferred to the grantee. Of course, if a person transfers property to a third person, and the third person treats that property as his, by making a mortgage upon it and treating it as if he were the owner, he might be estopped from afterwards, when finnancial obligations arise out of it, denying that he owned the property; but inasmuch as all the actions of the wife, so far as this record shows she acted at all, were necessary to transfer title, to sign mortgages and so forth, and would have been necessary as his wife with no other interest in his propetry, one cannot say that the usual rule follows; and the record in this case shows, and the court below found, that the wife knew nothing of this title having been transferred to her and so, inasmuch as she would have to sign these papers, all that she ever did sign, simply because she was the wife of Andrews, one cannot say that she is estopped from proving, when she was sued, that she did not own this property.

On the whole, we think that the court below was right, and the evidence sustains the judgment of the court and consequently we cannot see any error in this record and we think that the judgment of the court below must be affirmed.

Sullivan and Levine, JJ, concur.